UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO.  3:07-38

SANDI NEACE, As Administrator and Personal
Representative of the Estate of Matthew Collins, et al.,                    PLAINTIFFS,

v.                                        **OPINION AND ORDER**

UNITED GROUP SERVICES, INC., et al.,                              DEFENDANTS.

* * * * * * * * *

This matter is before the Court on the Second Motion for Summary Judgment (Rec. No. 98) filed by the Defendant, United Group Services, Inc. ("UGS, Inc.") and the Motion for Denial or Stay of Judgment to Permit Discovery (Rec. No. 119) filed by the Plaintiffs.  For the following reasons, both motions will be denied as moot.

## I.    FACTS.

In their Complaint, the Plaintiffs assert that Rickie Dilts and Matthew Collins were employed by the Defendant UGS, Inc.  (Rec. No. 1, Complaint, ¶ 2).  The Plaintiffs further allege that, on or about July 28, 2006, Dilts and Collins were assigned to work at Defendant NAS's plant in Carroll County, Kentucky. (Rec. No. 1, Complaint, ¶¶ 2, 15). They further assert that Dilts and Collins were working approximately 80 feet from the ground on the assembly of the roof of a "doghouse" when the metal panel they were supported by fell to the floor, causing the Plaintiffs to fall eighty feet to the concrete floor. (Rec. No. 1, Complaint, ¶ 16). The Plaintiffs assert that Dilts and Collins died as a result of the fall. (Rec. No. 1, Complaint, ¶ 17).

The original Plaintiffs in this matter included Sandi Neace, Collins' mother, as the administrator of Collins' estate. However, pursuant to an Agreed Order (Rec. No. 148), Neace's

claims were dismissed.   The remaining plaintiffs in this action are Tina Dilts,[1] who was Rickie Dilts' wife, and Rickie Dilts Jr.  Tina Dilts pursues claims individually, as administrator of Dilts' estate, and as next friend of Dilts' minor children.

The Plaintiffs named five defendants:  UGS, Inc.; NAS;[2] UGS, LLC; Siemens Energy & Automation, Inc. ("Siemens");[3] and Maxim.

The Plaintiffs assert that UGS, Inc. was the employer of Collins and Dilts.(Rec. No. 1, Complaint, ¶ 2).  They further assert that NAS, UGS, LLC, Siemens, and Maxim were "in control of the jobsite. . . . ." (Rec. No. 1, Complaint, ¶ 19).

The Plaintiffs assert a negligence claim against all of the Defendants. (Rec. No. 1, Complaint, Count I).  They also asserted that Dilts' death was caused by the deliberate intentional acts of UGS, Inc. (Rec. No. 1, Complaint, Count II).  The Plaintiff Tina Dilts, in her individual capacity, asserted that she was entitled to recover damages for loss of spousal consortium under KRS 411.145.  (Rec. No. 1, Complaint, Count III).  The Plaintiffs also asserted that they were entitled to recover damages for pre-impact fear of death.  (Rec. No. 1, Complaint, Count IV).

## II.    ANALYSIS.

In an Opinion and Order (Rec. No. 137) entered on September 22, 2008, the Court granted UGS, Inc.'s Motion for Summary Judgment as to all claims asserted against it by Tina Dilts and

---

[1] In the Complaint, the named Plaintiff is "Tina" Dilts.  In the motion currently before the Court (Rec. No. 119) , the movant is called "Tinna" Dilts. The Court has referred to the Plaintiff as Tina Dilts in this Opinion.

[2] In their Complaint, the Plaintiffs incorrectly identified North American Stainless as North American Stainless, Inc. The name was corrected by Agreed Order (Rec. No. 39).

[3] In their Complaint, the Plaintiffs incorrectly identified Siemens Energy & Automation, Inc. as Voest-Alpine Industries, Inc. The name was corrected by Agreed Order (Rec. No. 39).

Rickie Dilts, Jr.  This included all of the claims asserted by Tina Dilts on behalf of the Dilts' estate and as next friend of Dilts' minor children. As stated, Neace's claims against UGS, Inc. were dismissed by Agreed Order.  Accordingly, all claims against UGS, Inc. have now been dismissed and its Second Motion for Summary Judgment (Rec. No. 98) will be denied as moot.  Likewise, the Plaintiff Tina Dilts' Motion for Denial or Stay of Judgment to Permit Discovery (Rec. No. 119) will be denied as moot.  In it, the Plaintiff Tina Dilts move the court to deny or stay judgment on UGS, Inc.'s Second Motion for Summary Judgment.

In its September 22, 2008 Opinion and Order, the Court also dismissed any claim by Tina Dilts, individually, for damages for loss of spousal consortium and any claim by the Plaintiffs to recover damages for emotional distress suffered by Dilts and Collins prior to the impact that caused their deaths.

The Court determines that, as a result of the prior orders entered in this action, the sole remaining claims are those of the Plaintiffs Rickie Dilts, Jr. and Tina Dilts, acting as the representative of the Dilts' Estate and as next friend of Dilts' minor children, for negligence against the Defendants NAS, UGS, LLC, Siemens, and Maxim.

For all these reasons, the Court hereby ORDERS that the Second Motion for Summary Judgment (Rec. No. 98) by UGS, Inc. and the Motion for Denial or Stay of Judgment to Permit Discovery (Rec. No. 119) are DENIED as moot.

Dated this 17th day of October, 2008.



Signed By:

**Karen K. Caldwell**

**United States District Judge**

3