UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-38

TINA DILTS, as Ancillary Administratrix and
Personal Representative of the Estate of Rickie Dilts, et al.,     PLAINTIFF

v.     **OPINION AND ORDER**

UNITED GROUP SERVICES, LLC., et al.,     DEFENDANTS

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Summary Judgment filed by Defendant United Group Services, LLC ("UGS, LLC") (DE 220). For the following reasons, the Court will GRANT the motion.

**I.     BACKGROUND.**

In their Complaint, the Plaintiffs assert that Rickie Dilts and Matthew Collins were employed by the Defendant UGS, Inc. On or about July 28, 2006, Dilts and Collins were assigned to work at Defendant North American Stainless's ("NAS") plant in Carroll County, Kentucky. At the NAS plant, Dilts and Collins were working approximately 80 feet from the ground on the assembly of the roof of a structure referred to as the "doghouse."

The doghouse is a large steel structure built inside the factory at NAS that houses an electric arc furnace used to melt stainless steel. It is made of separate metal panels weighing between 1,000 and 6,000 pounds. (R. 166, Response, Ex. A, Gunn Dep. at 45; Ex. C, Corrales Dep. at 16). Dilts and Collins were re-setting the roof panel. The panel was lifted into place on the doghouse by a crane. Dilts and Collins were on the roof panel when it fell, causing them to fall 80 feet to the concrete floor. The Plaintiffs assert that Dilts and Collins died as a result of the fall.

The original Plaintiffs in this matter included Sandi Neace, Collins' mother, as the administrator of his estate. However, pursuant to an Agreed Order (Rec. No. 148), Neace's claims were dismissed. The remaining Plaintiffs in this action are Tinna Dilts, who was Rickie Dilts's wife, and Rickie Dilts, Jr. Tinna Dilts pursues claims individually, as administrator of Dilts's estate, and as next friend of Dilts's minor children. The Plaintiffs named five defendants: UGS, Inc.; NAS; UGS, LLC; Siemens Energy & Automation, Inc.; and Maxim Crane Works, L.P.

As stated, the Plaintiffs alleged in their Complaint that UGS, Inc. was Dilts's employer. (Rec. No. 1, Complaint ¶ 2). There is no dispute on this motion that NAS owned the factory where the incident occurred. Nor is there any dispute that the roof panel that fell was lifted and put into place by a crane owned by Maxim. The crane operator was Maxim employee Travis Gunn (Rec. No. 116, Maxim Mot. For Summ. J. at 1).

The Plaintiffs asserted a negligence claim against all of the Defendants. However, by Opinion and Order dated September 22, 2008 (Rec. No. 137), this Court dismissed the Plaintiffs' negligence claims against UGS, Inc., the employer of Dilts, finding that the Plaintiffs received workers' compensation death benefits from UGS, Inc.'s insurance carrier and, thus, they were barred from bringing any tort claim against UGS, Inc. under the exclusivity provision of the Kentucky Workers' Compensation Act, KRS 342.0011, *et seq*.

**II.     STANDARD.**

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for

its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id*. However, at the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter. *Wiley v. United States*, 20 F.3d 222, 226 (6 th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249(1986)).

The Court is not to judge the evidence or make findings of fact. *60 Ivy Street Corp*., 822 F.2d at 1435-36. Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**III.    ANALYSIS.**

UGS, LLC previously moved to dismiss the claims against it on the basis that it had nothing to do with the accident that resulted in Dilts's death. In that motion, UGS, LLC argued that NAS owned the site where the accident occurred and that the general contractor on the project was Siemen. UGS, LLC argued that Siemens entered into a subcontract with UGS, *Inc*. – not with UGS, *LLC* – and that UGS, LLC had no involvement with the project.

In support of its motion, UGS, LLC submitted a contract that it alleged was between UGS, Inc. and Siemens. It also submitted the affidavit of Daniel M. Freese who identified himself as the president

3

of UGS, LLC and stated that UGS, LLC was not a subcontractor on the project.

The Court determined that UGS, LLC had not submitted sufficient evidence to permit the Court to rule as a matter of law that it had nothing to do with the incident at issue. The Court noted that the contract submitted by UGS, LLC contained the name "United Group Services, Inc." at the top but then referred to United Group Services (UGS) without specifying whether it was UGS, *Inc.* or UGS, *LLC*.

Further, the Certificate of Exemption referenced in the contract referred to United Group Services, LLC as the subcontractor. Further, each page of the contract was signed by Freese, who identified himself in his affidavit as the president of UGS, LLC.

The parties have now completed discovery in this action and UGS, LLC moves for summary judgment again on the basis that it had nothing to do with the incident at issue. It again asserts that UGS, *Inc.* was the subcontractor on the project and that UGS, *LLC* was not a party to any of the contracts involved on the project.

In support of its motion, UGS, LLC again submits the contract that it asserts is between Siemens and UGS, Inc. UGS, LLC points out that the contract states "United Group Services, Inc." on each page. UGS, LLC also submits another affidavit by Freese. In his most recent affidavit, Freese clarifies that he is the president of *both* UGS, LLC and UGS, Inc. and states that he signed the contract with Siemens as president of UGS, *Inc.* and not as president of UGS, *LLC*. He explains there is a corporate relationship between the two entities but states that UGS, LLC was not involved with the project at the NAS site.

Freese also explains that the Certificate of Exemption was completed by someone not associated with UGS, Inc. and simply misidentifies UGS, LLC as the subcontractor. Freese states that UGS, Inc. was the subcontractor on the project.

Accordingly, after discovery, the sole reasonable inference that can be drawn from the evidence

4

in the record is that UGS, Inc. was the party to the subcontract at issue with Siemens and that UGS, LLC was not.

As evidence that UGS, LLC was nonetheless performing work at the site at the time of the accident, the Plaintiffs present evidence that Freese and two individuals named Pete Roderick and Kevin Sell provided business cards to the Kentucky OSHA inspector at the accident site that identified them as UGS, LLC employees. The Plaintiffs also submit a letter written by Freese to Defendant Siemens after the accident which is written on UGS, LLC letterhead.

UGS, LLC asserts that the reference to UGS, LLC instead of UGS, Inc. on the business cards and the letterhead was simply a typo committed by the printer. Regardless, the business cards and the letter, which were issued by Freese, Roderick and Sells after the accident, are not evidence that UGS, LLC was performing any work at the site at the time of the accident.

The Plaintffs also point to the deposition of Scott McMahan, a general foreman on the site, who stated he was not certain whether UGS, Inc. or UGS, LLC was his employer. However, this is an uncertainty that both parties have now had the opportunity to resolve through discovery. The Plaintiffs present no evidence that McMahan was a UGS, LLC employee. UGS, LLC submits the affidavit of Sells who states he is a UGS, Inc. officer. He further states affirmatively that McMahan was an employee of UGS, Inc. and that UGS, LLC had no employees at the site.

Finally, the Plaintiffs submit documents and testimony that they state are evidence of the involvement at the site of United Industrial Piping, which they assert is a subsidiary of UGS, LLC. The Plaintiffs point to the deposition of Juan Corrales, a welder at the site, who stated he worked for United Industrial Piping. UGS, LLC, however, submits Sell's affidavit who states that Corrales was employed by UGS, Inc. at the time of the accident and submits a pay stub which indicates that UGS, Inc. paid him.

The Plaintiffs also submit a group of documents they label "United Industrial Piping

5

Documents," which contain the logos of "United Group Services" or "United Industrial Piping" and reference "Safety Topic" discussions that occurred at the site. As to the "United Group Services" logo, it does not specify *LLC* or *Inc.*. Thus, it is unclear whether it refers to UGS, Inc. or UGS, LLC. Again, Freese, on the other hand, has submitted an affidavit stating affirmatively that UGS, LLC had no involvement with the project. As to the United Industrial Piping documents, it is a separate corporate entity from UGS, LLC and has never been named in this action.

Discovery is now complete in this action and the Plaintiffs have presented no evidence from which a reasonable juror could conclude that UGS, LLC was involved in the project at the time of the accident.

Accordingly, the Court hereby ORDERS that UGS, LLC's Motion for Summary Judgment (DE 220) is GRANTED; and UGS, LLC is DISMISSED as a party to this action.

Dated this 5th day of February, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge