UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-38

TINA DILTS, *Individually and as Ancillary Administratrix and Personal Representative of the Estate of Rickie Dilts, Deceased and as Next Friend of Rickie Dilts' Minor Children* And RICKIE DILTS, JR.                    PLAINTIFFS,

v.                    **OPINION AND ORDER**

MAXIM CRANE WORKS, L.P.,                    DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Recusal (DE 360) filed by the Plaintiffs and the Motion to Stay Proceedings (DE 364) filed by the Defendant Maxim Crane Works, L.P. The Plaintiffs have not responded to Maxim's Motion to Stay Proceedings.

Both motions stem from this Court's February 24, 2010 decision which granted Maxim's motion for summary judgment and its motion to exclude the testimony of the Plaintiff's proposed expert. That decision was later overturned by the Sixth Circuit Court of Appeals. In their Motion for Recusal, the Plaintiffs argue that this Court's February 24, 2010 decision and some unidentified comments in a prior opinion in which this Court ruled against Maxim's first motion for summary judgment "would lead a reasonable person to conclude that [the undersigned's] impartiality might reasonably be questioned." (DE 360 at 2.) Maxim, on the other hand, states that it intends to file a petition for writ of certiori to the United States Supreme Court and asks the Court to stay this matter until that petition is resolved.

Motions for recusal are committed to the discretion of the district court deciding the motion. *Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) of the statute mandates disqualification in certain other circumstances

1

which indicate actual bias.[1] 28 U.S.C. § 455(b). Here, however, the Plaintiffs' motion to recuse is based only on section 455(a). For this reason, and because none of the circumstances delineated in subsection (b) exists, the Court will only address section 455(a) in this opinion.

The Sixth Circuit has explained that section 455(a) requires a judge to recuse herself "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Liteky v. United States*, 510 U.S. 540, 548 (1994) ("[q]uite simply and quite universally, recusal...[is] required whenever impartiality might reasonably be questioned."). "A judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002) (quotations and citation omitted).

The Plaintiffs assert that the undersigned should recuse from this matter because "[t]he substantial difference between the Court of Appeals' view and [the undersigned's] view of the same [expert] testimony reasonably begs the question of bias." (DE 360 at 4). No reasonable, objective person would question this Court's impartiality simply because the Court of Appeals viewed the Plaintiff's proposed expert's testimony differently than the undersigned. "A bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association

---

[1] 28 U.S.C. § 455(b) provides that a judge must disqualify himself in the following circumstances:
1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: (i) Is a party to the proceeding, or an officer, director, or trustee of a party; (ii) Is acting as a lawyer in the proceeding; (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; (iv) Is to the judge's knowledge likely to be a material witness in the proceeding. 28 U.S.C. § 455(b)(1)-(5).

and not from the judge's view of the law." *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983) (quotations and citation omitted).

The Plaintiffs also make a brief reference to but do not identify comments the undersigned made in an opinion ruling against Maxim on its first motion for summary judgment. Because the Plaintiffs do not discuss or even identify these comments, the Court is unable to address them. The Court has reviewed the opinion, however, and finds no grounds for recusal in it.

The Plaintiffs have presented no case law from any court supporting their position that recusal is required in this matter. The focus for recusal is on an *objective* appearance or evidence of bias, not on the subjective view of any party. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). The Plaintiffs have presented no reason that any reasonable, objective person would question the undersigned's impartiality in this case.

Accordingly, the Court hereby ORDERS as follows:

1) the Plaintiffs' Motion for Recusal (DE 360) is DENIED; and

2) if the Plaintiffs wish to respond to Maxim's Motion to Stay Proceedings (DE 364), they SHALL FILE any such response within 7 days of the entry date of this Order. If no such response is filed, the Court will assume that the Plaintiffs have no objection to the motion.

Dated this 17th day of January, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

3