UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-38

TINA DILTS, *Individually and as Ancillary Administratrix and
Personal Representative of the Estate of Rickie Dilts,
Deceased,- and as Next Friend of Rickie Dilts' Minor Children*
And RICKIE DILTS, JR.                                                            PLAINTIFFS,

v.                             **OPINION AND ORDER**

MAXIM CRANE WORKS, L.P.,                                                         DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion to dismiss intervening complaint (DE 380) filed by Intervening Plaintiff Employers Insurance and the motion by the Plaintiffs to revive a motion for reconsideration and motion in limine (DE 376).

**I.    Motion to Dismiss Intervening Complaint (DE 380)**

With its motion, Employers Insurance asks the Court to dismiss its intervening complaint in this matter. Employers Insurance was the workers compensation carrier of UGS, Inc., which was the employer of Rickie Dilts. After Dilts died during the course of his employment, Employers Insurance paid the Plaintiffs workers compensation benefits. Dilts' wife, Tinna Dilts, filed this action against UGS, Inc. and various other Defendants, including Maxim Crane Works, L.P., asserting that the Defendants were negligent. Ms. Dilts filed this action as the administrator of Dilts' estate, as the next friend of Dilts' minor children, and individually. All Defendants except Maxim Crane Works, LP have been dismissed from this action.

After Ms. Dilts filed this action, Employers Insurance filed an Intervening Complaint in which it alleges that it paid Ms. Dilts and the Dilts children benefits as required under Kentucky's workers compensation statutes. *See* KRS 342.750. With its Intervening Complaint, Employers Insurance

asserted a statutory subrogation claim against the other Defendants pursuant to KRS 342.700. That statute provides, in relevant part:

> If compensation is awarded under this chapter, the employer, his insurance carrier, the special fund, and the uninsured employer's fund, or any of them, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employee from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employee, less the employee's legal fees and expense. . . .

KRS 342.700(1) (emphasis added).

Pursuant to this statute, an "employer/ insurer 'owns' a subrogation right to the amount of compensation it paid to the injured employee." *Krahwinkel v. Commonwealth Aluminum Corp.*, 183 S.W.3d 154, 158 (Ky. 2006). Employers Insurance now moves to dismiss the intervening complaint, however, stating that it does not wish to further pursue its rights of subrogation.

Defendant Maxim states it has no objection to the motion to dismiss but that it "wants to ensure the appropriate credit is made at trial should Plaintiffs prevail on their claims against Maxim." Maxim argues that, even if the subrogation claim of Employers Insurance is dismissed, the Court must deduct from any damages awarded to the Plaintiffs any amounts that Employers Insurance has already paid the Plaintiffs. In other words, Maxim argues that the Plaintiffs cannot recover twice for the same damages.

Maxim asserts that Employers Insurance has paid the Plaintiffs workers compensation benefits of more than $238,000 and that Employers Insurance continues to make bi-weekly payments to the Plaintiffs. Maxim argues that it should be able to present evidence of the amounts that the Plaintiffs have received in workers compensation benefits and the amounts they will receive in the future.

In support of this argument, Maxim cites the Kentucky Supreme Court's opinion in *Krahwinkel*. In that case, the Court determined that Kentucky's workers compensation law "clearly precludes double recovery by the employee and does not condition that preclusion upon whether the

2

employer actually pursues its subrogation right." *Id*. at 158. In reaching this conclusion, the court relied upon the following provision in Kentucky's workers compensation laws:

> Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employee may either claim compensation or proceed at law by civil action against the other person to recover damages, or proceed both against the employer for compensation and the other person to recover damages, *but he shall not collect from both*.

KRS § 342.700(1) (emphasis added).

In *Krahwinkel*, the court determined that this statute precluded the plaintiff from recovering from a third party who was found liable for his damages "those elements of damages that he had already recovered from [his employer] by way of workers compensation benefits." *Id*. at 160. The court remanded the case to the circuit court to compute the total credit due to the defendant and to enter an amended judgment in accordance with the computation. *Id*.

In *Cincinnati Ins. Co. v. Samples*, 192 S.W.3d 311 (Ky. 2006), the Kentucky Supreme Court explained that *Krahwinkel* holds that KRS 342.700(1) "precludes a civil plaintiff from recovering from a tortfeasor the same elements of damages for which he had already been compensated by way of workers' compensation benefits; and that the tortfeasor is entitled to an offset or credit against the judgment for those damages awarded by the jury that duplicate workers' compensation benefits." *Id*. at 315.

Accordingly, if the jury awards the Plaintiffs damages in this case, the Court will deduct from that damages award any amounts that Employers Insurance has paid or is obligated to pay the Plaintiffs for the same categories of damages. Because the Court will make this deduction after the jury returns the verdict, Maxim need not present any evidence regarding amounts paid to the Plaintiffs by Employers Insurance.

3

Accordingly, the Court hereby ORDERS that the motion to dismiss the intervening complaint (DE 258) filed by the Intervening Plaintiff Employers Insurance is GRANTED.

## II. Dilts' Motion to Revive Motion for Reconsideration of Loss of Spousal Consortium claim and Motion in Limine (DE 376)

Tinna Dilts moves the Court to revive a motion for reconsideration (DE 301) and a motion in limine (DE 336) that she filed before the appeal of this matter. The Court denied both of these motions as moot in the same opinion in which it granted Maxim's motion for summary judgment (DE 350). Dilts now seeks to have these motions resolved on their merits.

Maxim does not object to the revival of Dilts' motion in limine. Accordingly, the Court hereby ORDERS that Dilts motion in limine (DE 336) is REVIVED and Maxim may respond to the motion as set forth in this Court's order dated October 1, 2013 (DE 387).

With regard to Dilts' motion for reconsideration (DE 301), however, Maxim argues that this motion cannot be revived because Dilts did not appeal the Court's decision denying the motion as moot. (DE 381, Response at 3.)

With the motion for reconsideration, Dilts asked the Court to reconsider its Opinion and Order dated September 22, 2008 dismissing Dilts' claim for loss of spousal consortium (DE 137). At the time of the Court's order dismissing the claim, Kentucky law was clear that a claim for loss of spousal consortium did not reach beyond death because loss of consortium damages were intended to compensate only for that period of time during which the injured spouse was still alive but incapable of fully participating with the other spouse in conjugal relations. Because there was no dispute that Rickie Dilts died shortly after the incident at issue, the Court dismissed Ms. Dilts' claim for damages for loss of spousal consortium.

With the motion to reconsider (DE 301), however, the Plaintiff asked the Court to reconsider its dismissal of the loss of spousal consortium claim in light of *Martin v. Ohio County Hospital Corp.*,

295 S.W.3d 104 (Ky.2009), in which the Kentucky Supreme Court overruled prior precedent and determined that loss of spousal consortium continues after the death of an injured spouse. The Court ultimately granted Maxim's motion for summary judgment on the Plaintiffs' negligence claims and, thus, did not reach the merits of the Plaintiffs' motion to reconsider the issue of the spousal consortium claim. Instead, the Court denied the motion as moot. This was the ruling on the spousal-consortium issue at the time that the Plaintiffs appealed.

The Court denied as moot the motion to reconsider the spousal-consortium claim solely because the Court had dismissed the underlying negligence claim. The Sixth Circuit's opinion revived the negligence claim and, thus, the motion to reconsider the spousal consortium claim can no longer be considered moot and this Court should rule on it. *UAW Local 594 v. Int'l Union, UAW*, 956 F.2d 1330, 1339 (6th Cir. 1992) ("The district court denied the motion for leave to amend as moot. Our disposition of the appeal means that the motion can no longer be considered moot."); *See also Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012) ("Here, however, the motion for leave to amend was not addressed on the merits; rather, the district court deemed it moot upon the dismissal of the complaint on other grounds. Because we vacate the grounds on which dismissal was predicated, Orton's motion must be considered on the merits on remand.")

Accordingly, the Court will GRANT Tinna Dilts motion to revive (DE 376) her motion to reconsider this Court's dismissal of her spousal consortium claim.

As to the merits of the motion to reconsider, there is no dispute that the Kentucky Supreme Court has ruled that a claim for spousal consortium in Kentucky now continues after the death of the injured spouse. Maxim recognizes this but argues that the Kentucky Supreme Court's decision in *Martin* should not apply "retroactively" because "Plaintiff Tinna Dilts' claim for loss of spousal consortium was dismissed by this Court and Plaintiff Tinna Dilts failed to appeal the dismissal." (DE 381, Response at 6.) In its response to Dilts' motion for reconsideration, Maxim argued that the Court

"should not retroactively apply [*Martin*] here as Dilts' claim for los of consortium was dismissed by this Court more than one year ago and Dilts failed to challenge or appeal the dismissal." (DE 303, Response at 3.) Thus, Maxim's argument regarding "retroactivity" appears to be that this Court should not apply *Martin* retroactively to its opinion dismissing the spousal consortium claim that was issued before *Martin* was decided.

This action is still pending. At the time of the Plaintiffs' appeal, a motion to reconsider the spousal consortium claim had been denied as moot. As explained, that motion must be addressed on remand. The Court's ruling dismissing Ms. Dilts' spousal consortium claim may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54(b). In the cases cited by Maxim in support of its argument, the issue was whether a judicial decision decided *after* final judgment had been entered in a case should be applied retroactively to disturb the final judgment. *See e.g., Burns v. Level*, 957 S.W.2d 218, 222 (Ky. 1998) (holding that the Court of Appeals erred in applying a decision to a case in which trial was concluded two years before the decision was issued); *Maney v. Mary Chiles Hosp.*, 785 S.W.2d 480, 482 (Ky. 1990) (stating that, since "our decision constitutes a departure from certain previous decisions of this Court and the Court of Appeals, it is advisable to limit its application in an effort to avoid any effect on otherwise *settled judgments*" but recognizing that it should apply to "cases *now pending* in trial courts. . . ") (emphasis added).

The Court should apply *Martin* to the currently pending motion to reconsider. Accordingly, the Court hereby ORDERS that the Plaintiffs' motion to reconsider (DE 301) is GRANTED and the portion of this Court's Opinion and Order dated September 22, 2008 (DE 137) dismissing Tinna Dilts' claim for damages for loss of spousal consortium is VACATED. The September 22, 2008 Opinion and Order is otherwise undisturbed.

6

### III. Conclusion

For all these reasons, the Court hereby ORDERS as follows:

1) The motion to dismiss the intervening complaint (DE 380) filed by the intervening plaintiff Employers Insurance is GRANTED and the intervening complaint filed by Employers Insurance (DE 258) is hereby DISMISSED;

2) The Plaintiffs' Motion to Revive Motion for Reconsideration of Loss of Spousal Consortium claim and Motion in Limine (DE 376) is GRANTED as follows:

a) Tinna Dilts' Motion for Reconsideration of Order Dismissing Claim for Loss of Spousal Consortium (DE 301) is REVIVED and GRANTED;

b) the portion of this Court's Opinion and Order dated September 22, 2008 (DE 137) dismissing Tinna Dilts' claim for damages for loss of spousal consortium is VACATED. The September 22, 2008 Opinion and Order is otherwise undisturbed;

c) Tinna Dilts' Motion in Limine (DE 336) is REVIVED and Maxim may respond to the motion as set forth in this Court's order dated October 1, 2013 (DE 387).

Dated this 21st day of November, 2013.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY